## Ex parte ODELL ROBERTS.

No. A-8888.   May 24, 1935.
(45 Pac. [2d] 1112.)

Albert S. Gilles, Sr., for petitioner.

PER CURIAM.   This is an original petition filed by the petitioner, Odell Roberts, in which he alleges he is unlawfully imprisoned and restrained of his liberty by respondent, Stanley Rogers, sheriff of Oklahoma county; that the said cause of restraint, to the best of his knowledge, is that on the morning of March 3, 1935, at 1:30, while talking to Mrs. Foster, at the Kit Kat Klub, on the Edmond Highway between Oklahoma City and Edmond, he was approached by Jack C. Wheeler; the said Wheeler being a justice of the peace of Oklahoma township, with

offices at the intersection of West Main and Pennsylvania streets, a distance of about eight miles from the Kit Kat Klub.

Petitioner further states he was informed by said justice of the peace that he was arrested for being drunk; that the said justice of the peace took him to the county jail in Oklahoma City and caused him to be placed in jail. Petitioner denies he was under the influence of liquor at any time on said date; that March 3, 1935, was Sunday; that Justice Wheeler had no warrant for his arrest, and no one connected with the said Klub had made any complaint to the justice of the peace; that he was not arraigned by the said justice of the peace on March 3, 1935; that he was given no chance to make bond; was not informed that he had the right to have the advice of counsel; that he was held in jail until about 2 o'clock p. m., March 4, 1935, without being given a chance to make bond.

Petitioner further states that when the said Jack Wheeler, justice of the peace, arrested him in Britton township, he was within a half mile of the town of Britton; instead of taking petitioner to the nearest justice of the peace, which was in Britton, the said Wheeler, the arresting officer, took petitioner out of Britton township into Oklahoma township and placed him in jail, where he was held for 37 hours without being arraigned, then caused your petitioner to be arraigned before himself the said Jack C. Wheeler, the arresting officer; that about 2 p. m., of March 4, 1935, petitioner alleges he was taken from the jail and arraigned before the said Jack Wheeler; that at the time he was not informed by the said Wheeler that he had 24 hours to plead; that he was entitled to counsel; and that counsel would be furnished by the court if petitioner was unable to hire same.

Petitioner further alleges that Justice of the Peace Wheeler demanded of him to know whether he was guilty or not guilty. Whereupon he stated to said justice of the peace, "You are the one that arrested me," or words to that effect. The justice of the peace then said, "Guilty of disturbing the peace," and pronounced the sentence upon him.

Petitioner further alleges that by reason of the action of the said justice of the peace, Jack C. Wheeler, he was denied the right to a trial before an unprejudiced tribunal; that he was unlawfully arrested on the Sabbath, and was imprisoned without being arraigned and given a chance to make bond; that he was never informed of his right to counsel; that he was denied the right of a trial by jury, and was sentenced without having entered a plea; that he was young and inexperienced and did not know what his rights were in the premises, and asks that a writ of habeas corpus issue and he be released from custody.

The petition is duly verified. On response to the writ served on respondent, he presented the petitioner in open court. Pending the consideration of the case, this court ordered the petitioner released on his own recognizance. No denial of the allegations has been filed; therefore, this court will treat them as admitted.

We have carefully examined the allegations of the petition wherein it is charged that Jack C. Wheeler arrested the petitioner in Britton township and took him to Oklahoma township, where the said Jack C. Wheeler was a justice of the peace, and there sat as trial justice and imposed a sentence upon the petitioner. We hold that an officer cannot act as the arresting officer and trial justice, and that his actions in attempting to discharge

the duties of both the arresting officer and trial justice are unlawful, and deprived the petitioner of due process of law.

The writ is therefore granted, and petitioner ordered discharged.